IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL SANTIESTEBAN,

      Plaintiff,                              No. CIV S-06-2457 FCD KJM P

     vs.

M. PENNER, et al.,

                                      FINDINGS AND RECOMMENDATIONS

      Defendants.

/

        Plaintiff is a state prisoner proceeding pro se. On October 26, 2007, the court dismissed plaintiff's amended complaint with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in

1

1  question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light
2  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to
3  survive dismissal for failure to state a claim a complaint must contain more than "a formulaic
4  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
5  raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct.
6  1955,1965 (2007).

7  Plaintiff complains about the lack of medical care he received for a broken finger.
8  Specifically, he claims it took approximately three months for him to receive a consultation with
9  a hand surgeon; all the while plaintiff was in pain.  While delaying medical care can amount to a
10 violation of a prisoner's Eighth Amendment rights, Hallet v. Morgan, 296 F.3d 732, 746 (9th Cir.
11 2002), plaintiff does not identify who caused the delay.  Plaintiff has been given information on
12 how to plead an Eighth Amendment claim and also been given two prior opportunities to cure
13 the deficiencies in his pleadings.  At this point, it appears he is not able to state a claim for relief.
14 For these reasons the court will recommend that this action be dismissed.

15 In accordance with the above IT IS HEREBY RECOMMENDED that this action
16 be dismissed for failure to state a claim upon which relief can be granted.

17 These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
19 days after being served with these findings and recommendations, plaintiff may file written
20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
23 F.2d 1153 (9th Cir. 1991).
24 DATED: April 22, 2008.
25 
26 1/sant2457.frs

_____
U.S. MAGISTRATE JUDGE

2